### PHINEAS B. AVERILL *vs.* JOHN H. BUCKINGHAM.

A submission to arbitrators of a matter in suit provided that the costs in the suit should be taxed according to law in favor of the successful party. Held to mean that the arbitrators were to be governed by legal rules in estimating the amount of the costs, and not that the costs were to be taxed by the court independently of the arbitrators.

The principal matter in dispute related to a diversion of a stream of water by one of the parties to the injury of the other. The arbitrators found that there had been such diversion and awarded certain damages and costs in favor of the party entitled to the water so diverted, and further awarded that it was the duty of the party diverting the water to restore it to its natural channel. Held, in an action of assumpsit to recover the sum of money awarded to the plaintiff, that whether or not the arbitrators had exceeded their power in awarding that the stream ought to be restored by the defendant, yet the defendant could not make that question in his defense to that action.

The submission was under seal but the award was not. Held that assumpsit would lie to recover the sum of money awarded and that an action of covenant was not necessary.

Held also that the title to land was not in controversy, so as to require under the statute that the submission be executed with the formalities of a deed and the award be under seal.

ASSUMPSIT, on an award of arbitrators ; brought to the Superior Court in New Haven county and tried on the general issue, closed to the court, before *Sanford, J.*

The submission was as follows :

" Whereas various differences and controversies exist between Phineas B. Averill and John H. Buckingham, and a suit is now pending between the parties in the Superior Court for New Haven county ; therefore, for the amicable determination of the same, we, the said Averill and Buckingham, do hereby agree to submit all controversies, suits, quarrels and matters in dispute now existing between us to the arbitrament, determination and award of Origen S. Seymour of Litchfield, and Charles C. Warner of Newtown, to be heard by them on the 21st day of August, 1866, at one o'clock in the afternoon, at the academy in South Britain in New Haven county, the said arbitrators being authorized to adjourn said hearing to any time afterwards, as they may deem necessary and reasonable. Said suits and controversies are to be tried in accordance with the rules of law and equity. And said parties do hereby mutually agree and promise to perform and execute such award as said arbitrators may make and publish in and upon the premises, and that the same shall be final and conclusive on the parties, and shall be conclusive evidence of decision as to all suits, controversies and matters in dispute now existing between said parties as aforesaid. The costs on said suit in the Superior Court are to be taxed according to law in favor of the successful party, and the costs of this arbitration are to follow the award. And the parties do hereby further mutually agree and bind themselves each to the other in the penal sum of five hundred dollars, for the faithful performance of such award as shall be made in accordance with this submission, said sum to be forfeited by the party who shall revoke this submission, or neglect or refuse to perform said award so made as aforesaid. In witness whereof we have hereto affixed our names and seals at Woodbury this 17th day of August, 1866.

P. B. AVERILL.          [SEAL].

JOHN H. BUCKINGHAM.          [SEAL]."

The award was as follows :

" In pursuance of the foregoing submission, we, the subscribers, the arbitrators therein named, met the parties thereto at South Britain on the 21st day of August, 1866, and they were fully heard in the premises on that and the following two days.

" The principal matter in dispute between the parties related to the waters of Gate Hill brook, at the fall of said brook down a ledge of rocks upon premises of said Buckingham in South Britain. Said Buckingham claims that the waters of said brook naturally and of right take a southerly direction at the foot of the fall and pass into Pomperaug river through his lands. Said Averill claims that the brook naturally and of right takes a northerly direction at the foot of the fall and passes off through said Averill's lands in South Britain, which lie northerly of and adjoining said lands of said Buckingham.

" We find evident marks of a natural water channel both ways, and we find by the testimony that the water has sometimes passed off northerly and sometimes southerly, and has been sometimes divided between the two channels. We are of opinion and do award that the waters of said brook naturally and of right divide at the foot of the fall, and that one moiety thereof naturally flows and of right ought to flow and pass along the northerly channel into the said lands of Mr. Averill lying northerly of the lands of Mr. Buckingham, and thence down to Transylvania brook; and that the other moiety thereof naturally and of right flows and ought to flow and pass through the southerly channel to Pomperaug river, along and through Mr. Buckingham's lands.

" We find that Mr. Buckingham did turn the whole of the water into the southerly channel, and that he is therefore guilty in manner and form as complained of in the plaintiff's declaration in said suit, and award that Mr. Averill recover of Mr. Buckingham the sum of one dollar as damages, and the sum of fifty-seven dollars and three cents as costs of suit, and also the sum of forty-six dollars and sixty-eight cents as the costs of arbitration, (in which latter sum is included the

Averill v. Buckingham.

sum of thirty dollars for arbitrators' fees therein), all which amounts to the sum of one hundred and four dollars and seventy-one cents, to be paid by Mr. Buckingham to Mr: Averill on demand, in full discharge of said suit and of the subject matter thereof.

"And inasmuch as said waters are now flowing southerly, by reason of acts done by Mr. Buckingham, we award that it is his duty without delay so to grade and fix the grounds and channels at the foot of the fall, that the waters of the brook shall be divided as near equally as may be between the northerly and southerly channels, and so that Mr. Averill may fairly enjoy the rights hereby awarded to him. Dated August 25th, 1866.

ORIGEN S. SEYMOUR, } *Arbitrators.*"
CHAS. C. WARNER, }

The suit was brought solely for the recovery of the sum of money awarded to the plaintiff.

Upon the trial the plaintiff offered in evidence under the declaration the foregoing submission of the parties and the award of the arbitrators, to the admission of which the defendant objected on the ground that the only promise of the defendant upon which a recovery could be had was contained in the submission of the parties, which submission was under seal, and was not admissible under any count in the declaration. No other evidence of any promise or undertaking on the part of the defendant was presented to the court or claimed to be offered in evidence on the trial except such as was contained in the submission and award. The court overruled the objections of the defendant and admitted the submission and award in evidence.

The defendant further claimed that the award was not conformable to the submission and was therefore void. Also that the award purported to decide the title to an interest in lands, and that inasmuch as it was not under seal, it was not admissible in evidence, but was made inadmissible and invalid by the statute (Gen. Statutes, tit. 37, sec. 32.) But the court overruled both these objections and received the evidence.

The court rendered judgment for the plaintiff and the defendant moved for a new trial for error in the rulings of the court.

*Wooster*, in support of the motion.

*Cothren*, contra.

PARK, J. Complaint is made that the arbitrators considered and estimated the costs of the suit then pending in court between these parties, and made their award accordingly. The claim is that they had no power under the submission to include the costs of the pending suit in their award; that the clause in the submission, " the costs on said suit in the Superior Court are to be taxed according to law in favor of the successful party," means that the Superior Court should determine the costs, independently of the arbitrators. But the Superior Court as a court had no power to tax costs in a suit not determined by the court. If a suit is withdrawn from the docket the court may allow costs to the defendant, if the matter in controversy has not been settled; but how can the court allow costs to the plaintiff in a case that is not either defaulted or tried by the court? The law determines the costs to be recovered upon the determination of a suit in court, but makes no provision for costs to either party where it has been ended by the action of the parties out of court, either by themselves directly, or through the instrumentality of arbitrators. It cannot be successfully contended that the submission refers the matter of costs to the judge of the court, for this would constitute two sets of arbitrators to determine independent matters concerning the same controversy, when it is evident from the submission that nothing of the kind was intended by the parties. We think the expression referred to means that the arbitrators shall be governed by the same rules in estimating the amount of costs in the pending suit, as the Superior Court is governed by in taxing costs; and therefore no complaint can be made of the action of the arbitrators in this respect.

It is further claimed that the arbitrators erred in deciding,

that previously to the action of the defendant in causing all the waters of the stream to run upon his land, the stream naturally divided, and one moiety thereof ran in a northerly direction, upon the plaintiff's land, and the other moiety in a southerly direction upon the defendant's land; and that, inasmuch as the defendant had diverted the moiety that the plaintiff was entitled to, he should restore it to its natural channel. Complaint is made of the order of restoration; and it is said that this action of the arbitrators is contrary' to the principles of law and equity by which they were to be governed.

But we think it clear that a court of equity would compel the defendant to restore the stream which he ·had wrongfully diverted from the plaintiff's land. But if this were not so, how can the defendant complain in this suit of this action of the arbitrators? The plaintiff seeks to recover simply the amount found due by the award. That amount could not have been increased by the arbitrators because they considered that the defendant should restore the stream to its natural channel so that the plaintiff should have no cause of complaint in the future. The award was for injury which had already accrued, together with the costs of the arbitration and of the suit pending in court. Prospective injury formed no part of it, for they directed the defendant to cease inflicting the injury upon the plaintiff. The defendant must defer making this claim till this part of the award is sought to be enforced.

It is further claimed that the award is void by reason of the statute in relation to the mode of executing submissions and awards where the title to land is involved and decided. It is difficult to see any foundation for this claim. The controversy between the parties was whether the defendant had diverted a stream of water from the plaintiff's land. The arbitrators found that he had and awarded the damages. How this can be construed as involving the title to land it is difficult to conceive; and we shall pass the objection without further comment.

It is further claimed by the defendant that the plaintiff

cannot recover in this form of action, because the submission is under seal, and requires an action of covenant to sustain the case. But the action is not brought on the submission; it is brought to recover the amount of the award. The submission was offered in evidence merely to show that the arbitrators had authority from the parties to make the award. Suppose *A* should give authority to *B* in writing under seal to purchase a horse for him and *B* should make the purchase. In a suit brought for the price of the horse must the action be covenant because the authority of the agent was in writing under seal? We think not; neither do we think it was necessary in this case. If the plaintiff was seeking to recover the penalty mentioned in the submission, on the ground that the defendant had revoked the submission, we should have a different question presented from the one we now have.

We think this claim untenable; and on the whole we are satisfied that there is no ground for a new trial.

In this opinion the other judges concurred.